## WATERLOO CEMENT MACHINERY CORP. v. ENGEL.

### (District Court, W. D. New York. December 8, 1915.)

**1. PATENTS ☜167(1)—CONSTRUCTION OF CLAIMS.**

An element of a mechanical combination, which is an essential part of the invention, and is clearly described and shown in the specification and drawings, may be read into a claim, although not specified therein, and although the claim does not contain the words "substantially as described."

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 243; Dec. Dig. ☜167(1).]

**2. PATENTS ☜328—VALIDITY AND INFRINGEMENT—MIXING MACHINE.**

The Snell patent, No. 842,262, for a concrete mixing machine, claims 1 and 2, *held* not anticipated, valid, and infringed.

In Equity. Suit by the Waterloo Cement Machinery Corporation against George Engel. On final hearing. Decree for complainant.

Charles W. Pooley, of Buffalo, N. Y. (George M. Finckel, of Columbus, Ohio, of counsel), for plaintiff.

G. C. Kennedy, of Waterloo, Iowa, for defendant.

HAZEL, District Judge. This is an action for infringement of claims 1 and 2 of letters patent No. 842,262, issued to Ransom Z. Snell, January 29, 1907, for a mixing machine particularly designed for mixing concrete and similar substances, which has a mixing tank supported on a frame, and rotated on its vertical and horizontal axis to mix the material, and then tilted to discharge the same. Claim 1 is for the following elements: (1) A pair of standards; (2) a supporting crossbar connected at each end with the top of the standards; (3) a mixing tank journaled at the center of the supporting crossbar; (4) an annular rack around the mixing tank; (5) a driving shaft journaled in one standard; (6) a gear on the driving shaft meshing with the annular rack; (7) means for rotating the drive shaft; (8) a spindle at the other end of the supporting crossbar journaled in the other standard; and (9) means connected with the spindle to rotate it and tilt the mixing tank. Claim 2 comprises the following ele-

ments: (1) Standards; (2) crossbar; (3) mixing tank; (4) a shaft journaled in one of the standards and pivotally supporting one side of the crossbar; and (5) a gear wheel on the shaft meshing with the rack and the mixing tank.

[1] According to the specification the supporting crossbar is provided with an upwardly projecting spindle so affixed as to make it a part of the crossbar. Neither of the claims in issue particularizes such feature, and the first question to be answered is whether the particular crossbar of the specification is included in the claims and protected by the patent. It is referred to in the specification with considerable detail, and stress is laid upon the manner of arranging the shaft in relation to the mixing tank and extending it into "an integral upwardly extending sleeve $13$ of the tank so as to provide an axle bearing for the tank, preventing the latter from swerving or tilting on its ball bearings." The drawings quite clearly illustrate the details of construction of the crossbar, and, indeed, the feature of 'projecting the shaft into the tank was evidently regarded by the patentee as a highly important feature of the invention. To project the bearing into the tank, instead of projecting it outwardly from the bottom of the tank, as shown in prior patents in evidence, was conducive to a more even distribution of the load and a better balancing of it on the bearing shaft, and also to a more convenient use of the tank for mixing and discharging material. In my opinion the claims must be construed to cover the actual invention; that is, as if the claims had specified the crossbar or spindle as one projecting into the tank. Such a construction I believe is justified, even though the claims do not contain the words "substantially as described." Mitchell v. Tilghman, 19 Wall. 287, 22 L. Ed. 125.

In Fowler & Wolfe Mfg. Co. v. McCrum-Howell Co., 215 Fed. 905, 132 C. C. A. 143, the Circuit Court of Appeals for this circuit had before it a somewhat similar question arising from the failure of the claim of the patent to specify the size of tubes for a radiator, and Judge Rogers, writing the opinion, said:

"We cannot understand why the court below should have reached the conclusion that an invention described in the specification, but not included in the 'claims,' cannot be protected by a patent. We regard the law as well established that the claims of a patent are to be construed in the light of the specification."

[2] Giving effect to that decision requires reading into the claims in suit the particular bearing or crossbar described in the specification and drawings, notwithstanding the fact that the claims on their faces are broader; and, when thus construed, the method of mounting the crossbar is unimportant, so long as it is supported by spindles which enable it to swerve or tip.

Anticipation by the prior art is not proven. In neither the Creeke, Smith, Taylor, Hoffken, nor Hornsteiner patents is found the combination of elements of the claims under discussion. Tilting appliances with both ends open for mixing material, bearings, and specific journaling, it is true, are disclosed in such patents; but in all of them different methods of assembling are shown, and they did not achieve

the same result as the patent in suit. In none of them is disclosed a combination with a sleeve extending from the bottom or middle of the tank and a spindle projecting upwardly into a sleeve from the center of the crossbar.

Defendant's construction shows a crossbar with a spindle or shaft attached thereto and extending through bearing plates integrally and upwardly into the tank. The mounting or journaling of the supporting crossbar is somewhat different from complainant's; but the adaptation is the full equivalent of complainant's and achieves the same result. The defendant has merely changed the form of the principal element of the combination in suit, and does not avoid the charge of infringement as alleged in the bill.

A decree, with costs, may be entered in favor of the complainant.